NO.
12-05-00389-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

THE STATE OF TEXAS     §                      APPEAL FROM THE 

 

FOR THE BEST INTEREST          §                      COUNTY COURT AT LAW

 

AND PROTECTION OF
T.M.        §                      CHEROKEE COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Appellant
T.M. appeals from an order authorizing the 
Texas Department of Mental Health and Mental Retardation to administer
psychoactive medication.  In one issue,
T.M. asserts the evidence is legally and factually insufficient to support the
trial court’s order.  We affirm.

 

Background

            On
November 15, 2005, Dr. Larry Hawkins signed an application for an order to
administer psychoactive medication to T.M. 
In the application, Dr. Hawkins stated that T.M. was subject to an order
for inpatient mental health services under Section 547.034 of the Texas Health
and Safety Code.  Dr. Hawkins stated that
T.M. had been diagnosed with “schizophrenia paranoid” and requested the trial
court to compel T.M. to take three psychoactive medications: an antipsychotic,
an anxoilytics/sedative/hypnotic, and a mood stabilizer.  T.M. refused to take the medications
voluntarily.  In the doctor’s opinion,
T.M. lacks the capacity to make a decision regarding administration of
psychoactive medications because T.M. denies he is mentally ill and cannot
weigh the risks versus the benefits of medication.  Dr. Hawkins concluded that these medications
are the proper course of treatment for T.M. and that, if he were treated with
the medications, his prognosis would be good. 
However, Dr. Hawkins believed that if T.M. were not administered the
psychoactive medications, he may harm others. 
Dr. Hawkins considered other medical alternatives to psychoactive
medication, but determined that those alternatives would not be as
effective.  Further, he believed the
benefits of the psychoactive medication outweighed the risks in relation to
present medical treatment and T.M.’s best interest.

            On
November 22, 2005, the trial court held a hearing on the application.  Dr. Plyler[1] testified that he is
T.M.’s treating physician.  Dr. Plyler
stated that Dr. Hawkins completed the application for the order to administer
psychoactive medication.  Dr. Plyler said
that he disagrees with Dr. Hawkins’s diagnosis of paranoid schizophrenia,
believing instead, that T.M. suffers from delusional disorder.  However, Dr. Plyler stated that he agrees
with Dr. Hawkins’s assessment in requesting the specified classes of drugs for
T.M., stating that the proposed medications are the proper course of treatment
for both diagnoses.  Dr. Plyler said that
the medications are in the best interest of T.M. and that T.M. will likely
benefit from their administration. 
Further, Dr. Plyler said that the benefits will outweigh the risks and
T.M.’s stay in the state hospital will be shortened if the medications are
used.  Dr. Plyler testified that T.M.
stated he could not take the medication because it would be contrary to his
religious beliefs.  However, T.M.
interrupted during Dr. Plyler’s testimony, stating, “It is an assumption they
have made.”

            T.M.
testified on his own behalf.  He said he
is not mentally ill and that he has never taken any kind of psychiatric medication
nor does he feel a need to do so now.  He
said he would require a doctor to convince him that he is suffering some
delusion before agreeing to take the medication voluntarily.  Further, T.M. said he wanted to call several
witnesses from the Rusk County Sheriff’s Department and Dr.Colvin from another
medical clinic.  T.M. said,

 

                        The sheriff was kind enough to ask me
to cast a lot in front of him asking: Am I Elijah the prophet?  And I did it in front of him.  Definitely, yes.  Dr. Colvin, at the other medical clinic, I
cast the lot in front of him: Am I Elijah the prophet?  And the answer was definitely yes.

 

T.M. continued,

                        I’m not delusional.  This is not a delusion.  If you review this material – I’ll be more
than welcome to provide it – and it has information that God has disclosed to
me because of who I am.  We have entered
the tribulation period.  God sent me on
October 8th, 2004, a week after the Lord issued a judgment against the United
States.  If you want to know the truth, I
can give you the truth.  This is
real.  This is reality.  You can choose to accept or deny the
truth.  I’m not mentally ill.  The scriptures tell me, and us, the truth. .
. .  I’m asking for an appeal with the
testimony and the doctor who witnessed the casting of lots and the information
that I have that I’m willing to provide if anyone wants to know the truth. . .
. I am not mentally ill.

 

            At
the close of the evidence, the trial court granted the application.  After considering all the evidence, including
the application and the expert testimony, the trial court found that the
allegations in the application are true and correct and supported by clear and
convincing evidence.  Further, the trial
court found that treatment with the proposed medication is in the best interest
of T.M. and that T.M. lacks the capacity to make a decision regarding
administration of the medication.  The
trial court authorized the Department to administer psychoactive medications to
T.M..  This appeal followed.

 

 

Sufficiency
of the Evidence

            In
his sole issue, T.M. asserts the evidence is neither legally nor factually
sufficient to support the trial court’s order authorizing the administration of
psychoactive medication.   He contends
that the State did not prove by clear and convincing evidence that he lacks the
capacity to make a decision regarding administration of psychoactive medication
or that the medication is in his best interest. 

Standard of Review

            In
a legal sufficiency review where the burden is clear and convincing, the
reviewing court must consider all of the evidence in the light most favorable
to the finding to determine whether a reasonable trier of fact could have
formed a firm belief or conviction that its finding was true.  In re J.F.C., 96 S.W.3d 256,
266 (Tex. 2002).  The reviewing court
must assume that the factfinder resolved disputed facts in favor of its finding
if a reasonable factfinder could do so.  Id.  A court should disregard all evidence that a
reasonable factfinder could have disbelieved or found to have been incredible.  Id.

            In
addressing a factual sufficiency challenge, we must consider all of the
evidence in the record, both that in support of and contrary to the trial court’s
findings.  In re C.H., 89
S.W.3d 17, 27-29 (Tex. 2002).  This court
must give due consideration to evidence that the factfinder could reasonably
have found to be clear and convincing.  Id.
at 25.  We must determine whether the
evidence is such that a factfinder could reasonably form a firm belief or
conviction about the truth of the State’s allegations.  Id.  We must consider whether disputed evidence is
such that a reasonable trier of fact could not have reconciled that disputed
evidence in favor of its finding.  In
re J.F.C., 96 S.W.3d at 266. 
Appellate courts retain deference for the constitutional roles of the
factfinder.  In re C.H., 89
S.W.3d at 26.  The trier of fact is the
exclusive judge of the credibility of the witnesses and the weight to be given
their testimony.  See id.
at 27; In re J.J.O.,131 S.W.3d 618, 632 (Tex. App.–Fort Worth
2004, no pet.).

Order to Administer Psychoactive
Medication

            The
court may enter an order authorizing the administration of psychoactive
medication if it finds by clear and convincing evidence that the patient is
under an order for temporary or extended mental health services, the patient
lacks the capacity to make a decision regarding the administration of the
proposed medication, and treatment with the proposed medication is in the best
interest of the patient.  Tex. Health & Safety Code Ann. §
574.106(a) (Vernon 2003).  “Capacity”
means a patient’s ability to understand the nature and consequence of a
proposed treatment, including the benefits, risks, and alternatives to the
proposed treatment, and (2) make a decision whether to undergo the proposed treatment.  Id. § 574.101(1).  In making its findings, the trial court shall
consider the patient’s expressed preferences regarding treatment with
psychoactive medication, the patient’s religious beliefs, the risks and
benefits from the perspective of the patient, the consequences to the patient
if the psychoactive medication is not administered, the prognosis for the
patient if not treated with psychoactive medication, and alternatives to
treatment with psychoactive medication.  Id.
§ 574.106(b).

            T.M.
does not dispute that the evidence is legally and factually sufficient to show
that he is under an order for temporary mental health services.  Thus, we will only consider whether the
evidence is legally and factually sufficient to support a finding that he
lacked the capacity to make a decision regarding the administration of
psychoactive medications and whether the proposed medication was in his best
interest.  In the application, Dr.
Hawkins stated that T.M. suffers from “schizophrenia paranoid.”  He believed T.M. lacked the capacity to make
a decision regarding administration of psychoactive medications because T.M. “denies
[that] he is mentally ill and cannot weigh the risks versus the benefits of
medication.”  Further, Dr. Hawkins
testified that, if T.M. were not administered these medications, he may harm
others.  Dr. Hawkins concluded that the
medications are in T.M.’s best interest and the benefits outweigh the
risks.  

            At
the hearing, Dr. Plyler testified that T.M. lacks the capacity to make a
decision regarding the administration of psychoactive medications.  T.M. suffers from delusional disorder and
does not believe he is mentally ill.  Dr.
Plyler concluded that the medications proposed are in the best interest of
T.M., the benefits outweigh the risks involved, and the use of medication would
most likely shorten T.M.’s stay at the state hospital.  Considering all the evidence in the light
most favorable to the findings, we conclude a reasonable trier of fact could
have formed a firm belief or conviction that T.M. lacks the capacity to make a
decision regarding administration of the proposed medications and that the
proposed medications are in T.M.’s best interest.  See id. § 574.106(a);  In re J.F.C., 96 S.W.3d at
266.  Thus, the evidence is legally
sufficient to support the trial court’s order. 

            Having
determined that the evidence is legally sufficient, we address factual
sufficiency and consider all of the evidence, both that in support of and
contrary to the trial court’s findings.  See
In re C.H., 89 S.W.3d at 25. 
According to Dr. Hawkins and Dr. Plyler, T.M. asserted that he is not
mentally ill.  Dr.  Plyler said that T.M. does not want to take
the medications for religious reasons. 
T.M. testified that he does not believe he is mentally ill and would not
voluntarily take the medications unless a doctor convinced him that he was
delusional.  When asked whether he
believes he needs the medication, T.M. responded that the “Lord did not give me
a spirit of fear and of a sound mind.” 
He continued with a narrative about “casting lots” and being Elijah the
prophet.

            The
trial court was entitled to disbelieve T.M. and disregard the evidence contrary
to the State’s position.  See id.
 Further, the trial court is not
required to defer to T.M.’s preferences and beliefs, but must consider
them.  See Tex. Health & Safety Code Ann. § 574.106(b).  T.M. presented evidence to the trial court
that he does not believe he needs psychoactive medication.  Dr. Plyler testified about T.M.’s religious
preferences.  Thus, it is presumed that
the trial court gave his preferences and beliefs due consideration.  Based upon our review of the record as a
whole, we conclude that this evidence is not so significant that a
reasonable trier of fact could not have reconciled this evidence in favor of
its finding and formed a firm belief or conviction that T.M. lacks the capacity
to make a decision regarding administration of the proposed psychoactive
medications and that the proposed medications are in T.M.’s best interest.  See id. § 574.106(a) (b); In
re C.H., 89 S.W.3d at 25. 
Therefore, the evidence is factually sufficient to support the trial
court’s order.  Id.  Accordingly, we conclude that the trial court
met the obligations imposed by Section 574.106 of the Texas Health & Safety
Code and overrule T.M.’s sole issue.

 

Disposition

            Having
overruled T.M.’s sole issue, we affirm the judgment of the trial
court.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered May 24, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] The record does not reflect Dr. Plyler’s full
name.